THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZA MILLER, Appellant, v. ALLEN COOPER, Sheriff of the County of Chemung, Respondent.

*Charter of the city of Elmira — 1875, chap. 370 — over what offenses exclusive jurisdiction is conferred on the recorder.*

Under the charter of the city of Elmira (chap. 370 of 1875) the recorder has exclusive jurisdiction to try one accused of keeping a disorderly house, subject to the right of such person to apply for a certificate directing that she be prosecuted by indictment, pursuant to sections 57 and 58 of the Code of Criminal Procedure.

Appeal from an order remanding the relator to the custody of the sheriff, after a hearing upon the return to a writ of *habeas corpus.*

March 12, 1886, the recorder of the city of Elmira issued a warrant charging the relator with "keeping a disorderly house," which is a misdemeanor, "punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both." (Penal Code, § 15.) March 13, 1886, she was arrested by virtue of the warrant and taken before the recorder, whereupon she pleaded not guilty, waived an examination and demanded a trial by jury after indictment, and offered bail, which was refused upon the ground that the recorder had exclusive jurisdiction to try the defendant. Thereupon the recorder adjourned the trial until March 19, 1886, and in default of bail to appear for trial she was committed to jail.

The relator obtained a writ of *habeas corpus* from the county judge and sought to be discharged, upon the ground that she had a right to give bail for her appearance to answer to an indictment, and, therefore, was illegally imprisoned. The county judge held that the recorder had exclusive jurisdiction to try the relator for the offense charged, and remanded her to the custody of the sheriff, from which order the relator appeals.

*Charles A. Collin,* for the relator, appellant.

*Edgar Denton,* district attorney, for the respondent.

Follett, J.:

The recorder of the city of Elmira is authorized to hold Courts of Special Sessions and exercise the powers and jurisdiction of such courts, as regulated by statute. (Laws 1875, § 104, chap. 370; Elmira City Charter; Code Crim. Pro., § 63.) The offense with which defendant is charged not being enumerated in section 56 of the Code of Criminal Procedure, the recorder has not exclusive jurisdiction under that section. Subdivision 33 of that section does not bring the case within the exclusive jurisdiction of the recorder, unless exclusive jurisdiction is given him by some special statute or municipal ordinance authorized by statute. Exclusive

jurisdiction of the offense charged is not claimed under any municipal ordinance, but is claimed under the city charter, and especially under section 104 thereof.

Section 4 of the charter provides that there shall be three justices of the peace within the city, and section 44 provides: "§ 44. The justices of the peace of the said city shall have and exercise all the powers, authority and jurisdiction, and discharge all the duties, and be entitled to the fees and compensation of justices of the peace of the several towns in this State, except as modified by this act."

Section 104 provides: "§ 104. The recorder of the city shall, except in case of his absence therefrom, or inability, from sickness or other cause, to act, have jurisdiction exclusive of any justice of the peace or other officer therein, except judges of courts of record, to issue all criminal process, and to institute all criminal proceedings, which a single justice or two justices of the peace in towns are empowered or directed by law to issue and institute; to hear and entertain all complaints and conduct all examinations in criminal cases and proceedings; to hold courts of Special Sessions, with all the powers and jurisdiction of such courts as regulated by statute; to try, convict and sentence all persons who may be guilty of any offenses which are or may be triable by Courts of Special Sessions, and to commit for trial all persons who shall be charged or be guilty of any offense not triable in said court. The Court of Special Sessions, held by said recorder, shall have jurisdiction of and power to hear and determine all charges for every misdemeanor committed or charged to have been committed within said city."   *   *   *

"Said recorder shall have the power to let to bail persons charged with crime before him in all cases of felony where the imprisonment in the State prison, on conviction, cannot exceed five years."   *   *   *

"The said recorder shall have and possess the exclusive jurisdiction of all the offenses within said city specified in this section, except as hereinbefore stated."

The sentence last quoted is very broad. No specific offenses are mentioned in the section, but offenses are classified as felonies and misdemeanors. In felonies the recorder is given power to take

examinations, and let to bail when the punishment, on conviction, cannot exceed imprisonment for five years in a State prison, which are the only offenses excepted from the exclusive jurisdiction of the recorder.

Section 106 of the charter provides: "In case of sickness, absence from the city, disability or inability to act, of the said recorder, his powers and duties are hereby conferred and imposed upon either of the several justices of the peace of said city so designated, except that such justices shall not have jurisdiction to try any person for any offense not heretofore triable by Courts of Special Sessions."

When this charter was passed, the policy of conferring exclusive jurisdiction upon Courts of Special Sessions, to try specified misdemeanants, had been established. (Laws 1857, chap. 769; Laws 1866, chap. 467; Laws 1872, chap. 530.) The sentence in the section last quoted, "except that such justices shall not have jurisdiction to try any person for any offense not heretofore triable by Courts of Special Sessions," conveys the idea of a broader jurisdiction in the Court of Special Sessions, when presided over by the recorder, than when presided over by a justice of the peace, and if such was not the legislative intent, it is difficult to see why these words of limitation were inserted.

The language of the charter of the city of Elmira is much broader than the language in the charter of the village of Hornellsville, and the case of *The People* v. *McDonald* (26 Hun, 156) does not support the contention of the relator. We are of the opinion that the recorder had exclusive jurisdiction to try the relator for the offense charged, subject to her right to apply for a certificate, directing that she be prosecuted by indictment, pursuant to sections 57 and 58 of the Code of Criminal Procedure.

The order of the county judge is affirmed.

HARDIN, P. J., and BOARDMAN, J., concurred.

Order affirmed.